## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| RYAN LEWIS,<br>  *Plaintiff,*<br><br>  v.<br><br>GEORGE SLAIBY, ET AL.,<br>  *Defendants.* | No. 3:23-cv-231 (VAB) |

## RULING AND ORDER ON MOTION TO DISMISS

Ryan Lewis ("Plaintiff" or "Mr. Lewis"), proceeding *pro se*, filed a Complaint alleging civil rights violations against George Slaiby, Patrick Deely, Ronald Hunt, Heather Baker, and Brenda Haws (collectively, "Defendants"). Complaint, ECF No. 1 (Feb. 21, 2023) ("Compl.").

Heather Baker moved to dismiss all claims against her. Mot. to Dismiss, ECF No. 21 (May 15, 2023) ("Mot. to Dismiss"). Subsequently, Mr. Lewis moved to amend the Complaint. Mot. for Leave to Amend, ECF No. 27 (Jun. 29, 2023) ("Mot. To Amend").

For the following reasons, the Court **GRANTS** Ms. Baker's motion to dismiss, and **DENIES** Mr. Lewis's motion to amend the Complaint.

Mr. Lewis, however, may seek leave to file a Second Amended Complaint which does not contain any claims against Ms. Baker. And while the Court does not have before it a motion to address any of the claims brought against Ms. Haws, for the same reasons stated in this Ruling and Order with respect to Ms. Baker, any federal claims against Ms. Haws likely would be dismissed, as well. Thus, to the extent Mr. Lewis files a Second Amended Complaint, he should seriously consider also omitting any federally based claims against her.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

On June 19, 2019, the Superior Court of Connecticut dissolved the marriage of Ryan Lewis and Heather Lewis, now Heather Baker ("Ms. Baker"). Compl. at 2.

After the divorce, Ms. Baker allegedly moved out of their shared residence while Mr. Lewis continued to live there. *Id.* Ms. Baker allegedly had over 500 items of personal property left at the residence, but after six months of failed mediation, Mr. Lewis allegedly "communicated to [Ms. Baker] that she was no longer welcome at the house but that he would move all agreed upon personal property to a storage unit for her to collect." *Id.*

On February 26, 2020, Ms. Baker allegedly informed Mr. Lewis that she would be returning with a police escort to the house the next day to take some things. *Id.* at 3. Mr. Lewis allegedly "communicated he was working from home all day and unavailable to host a visit during business hours; however, he would place all additional agreed upon property into the basement so any interaction or police escort was unnecessary as he would leave the garage and adjoining basement unlocked." *Id.*

On February 27, 2020, Ms. Baker and her friend, Brenda Haws (also a defendant in this case) allegedly went to the house accompanied by Officer George Slaiby of the Middlebury Police Department. *Id.* Mr. Lewis allegedly had blocked the door at the top of the basement stairs with a chair and was on a work call upstairs when they arrived. *Id.* Officer Slaiby allegedly forced the door open, Mr. Lewis allegedly got off his call and went downstairs, they had a disagreement, and Mr. Lewis allegedly was "arrested inside his home by Officer Slaiby and Sergeant Hunt under the supervision of Lieutenant Deely." *Id.* at 3–4.

On July 16, 2021, all criminal charges against Mr. Lewis allegedly were dropped. *Id.* at 4.

Mr. Lewis brings this action contending that Defendants violated his First, Second, Fourth, and Fourteenth Amendment rights. *Id.*

### B. Procedural History

On February 21, 2023, Mr. Lewis filed his *pro se* Complaint. *See* Compl.

On May 15, 2023, Ms. Baker filed a motion to dismiss all claims against her. *See* Mot. to Dismiss; Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 21-1 (May 15, 2023) ("Mem.").

On June 29, 2023, Mr. Lewis filed a motion for leave to amend his Complaint. *See* Mot. to Amend.

On July 5, 2023, Mr. Lewis filed an opposition to Ms. Baker's motion to dismiss. Opp. to Mot. to Dismiss, ECF No. 28 (Jul. 5, 2023) ("Opp.").

## II.     STANDARD OF REVIEW

### A. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states

a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of New York.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

**B.  Rule 15**

Rule 15 of the Federal Rules of Civil Procedure provides that a party may either amend once as a matter of course within twenty-one days of service or the earlier of twenty-one days after service of a required responsive pleading or motion under Rule 12(b), (e) or (f). Fed. R.

Civ. P. 15(a)(1). Once that time has elapsed, a party may move for leave to file an amended

complaint. Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so

requires." *Id.*

The decision to grant leave to amend under Fed. R. Civ. P. 15 is within the discretion of

the court, but the court must give some "justifying reason" for denying leave. *Foman v. Davis*,

371 U.S. 178, 182 (1962). Reasons for denying leave to amend include "undue delay, bad faith

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc." *Id.*; *see also Lucente v. Int'l Bus. Machines Corp.*, 310

F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is

"unlikely to be productive," such as when an amendment is "futile" and "could not withstand a

motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)").

## III.   DISCUSSION

Ms. Baker has moved to dismiss all counts against her.

The Court will address only the claims continued to be raised in the proposed Amended

Complaint, and which also appear in the original Complaint. As a result, the Court will assume

that the claims brought under 18 U.S.C. § 241, as well as the state law claims of trespass and

theft will not be addressed. In any event, because 18 U.S.C. § 241 is a criminal statute, and Mr.

Lewis has no legal authority to enforce this statute civilly, any such claim would have been

dismissed with prejudice. *Harris v. Ganim*, No. 3:23-CV-1168(MPS), 2023 WL 8188667, at *2

(D. Conn. Nov. 27, 2023) ("Even if Harris alleged facts as to Ganim's involvement, these claims

would fail because 'federal criminal statutes do not provide private causes of action.'") (quoting

*Sheehy v. Brown*, 335 Fed. App'x 102, 104 (2d Cir. 2009) (summary order)); *Miller v. Semple*,

No. 3:18-CV-01769 (JAM), 2019 WL 6307535, at *8 (D. Conn. Nov. 25, 2019) ("Miller alleges

violations of 18 U.S.C. §§ 241 and 242. These criminal statutes, however, do not give rise to a

cause of action that a private party may allege as a basis for relief in civil court action.") (citing

*Republic of Iraq v. ABB AG*, 768 F.3d 145, 170 (2d Cir. 2014)).

Similarly, because—as discussed below—all of the federal claims against Ms. Baker will

be dismissed, the Court would have declined to exercise supplemental jurisdiction over any

remaining state claims brought by Mr. Lewis against Ms. Baker, and allowed them to be pursued

in state court, to the extent Mr. Lewis wanted to do so. *See Astra Media Grp., LLC v. Clear

Channel Taxi Media, LLC,* 414 F. App'x 334, 337 (2d Cir. 2011) ("[W]e have generally held that

where all the federal claims have been dismissed at a relatively early stage, the district court

should decline to exercise supplemental jurisdiction over pendent state-law claims.").

### A.  The Section 1983 Claims

"In order to survive a motion to dismiss on his § 1983 conspiracy claim, [plaintiff] must

allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an

unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. In

addition, 'complaints containing only conclusory, vague, or general allegations that the

defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are

properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by

specific instances of misconduct.'" *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324–25 (2d

Cir. 2002) (citing *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) and *Dwares v. City of

N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993)); *see also Pacicca v. Stead*, 456 Fed. App'x 9, 12 (2d Cir.

2011) (The district court did not err in finding for the defendant, who was a private actor,

because "Pacicca presents no evidence that Stead entered a conspiracy with White Plains

6

police."). "A private party involved in a conspiracy with state actors can be liable under § 1983, but to sustain such a claim, the plaintiff must allege facts showing an agreement or meeting of the minds between the state actor and private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right." *Burke v. APT Found.*, 509 F. Supp. 2d 169, 174 (D. Conn. 2007).

Ms. Baker argues that she is a private actor and can only be liable for civil rights violations under Section 1983 if she conspired with or engaged in joint action with state actors. Mem. at 4. She argues that Mr. Lewis has not alleged anything but conclusory statements that would support such an agreement between Ms. Baker and any of the state actors. *Id.* at 5. She contends that she had agreed with Mr. Lewis to pick up the property left in the basement, but that Mr. Lewis has not alleged that she entered the kitchen or other living spaces, as Officer Slaiby did. *Id*. at 6. Finally, she argues that no allegations are made that she was involved in Mr. Lewis's detention. *Id*. at 6–7.

In his opposition, Mr. Lewis argues that he has moved to amend, and his proposed Amended Complaint cures these deficiencies and moots Ms. Baker's motion to dismiss. Opp. at 1–2. He contends that he has added specificity to his allegedly conclusory claims and that he has corrected Ms. Baker's status related to acting under color of law. *Id.*

The Court disagrees.

Mr. Lewis fails to allege the necessary agreement or meeting of the minds between Ms. Baker and the state officers and "[m]ere conclusory allegations of such an agreement are not enough." *Colon v. Town of W. Hartford*, No. CIV. 3:00-CV-168 (AHN), 2001 WL 45464, at *7 (D. Conn. Jan. 5, 2001). Mr. Lewis's proposed amendments to his Complaint fail to cure these defects, as he still makes nothing more than conclusory allegations that Ms. Baker had an

agreement with the state officers. *See* Proposed Am. Compl. at 23 ("Officer George Slaiby, Lieutenant Patrick Deely, Sergeant Ronald Hunt, Heather Baker, and Brenda Haws agreed, planned, and executed actions to remove property from Ryan Lewis's home without his consent and beyond the scope of authority granted by an existing Connecticut Superior Court order. . . . By their actions, Officer Slaiby, Lieutenant Deely, Sergeant Hunt, Heather, and Brenda conspired to deny Ryan his civil rights under the Fourth Amendment to the Constitution which protect citizens from unreasonable searches and seizures.").

Accordingly, any Section 1983 claims against Ms. Baker will be dismissed.

**B.      The Section 1985 Claims Against Ms. Baker**

For similar reasons that Mr. Lewis's Section 1983 claims fail, his Section 1985 claims also fail.

"A conspiracy claim under Section 1985(3) requires a plaintiff to allege: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. The conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus. Vague and unsupported assertions of a claim of conspiracy will not suffice under either Section 1983 or Section 1985(3)." *Pal v. Canepari*, No. 3:20-CV-13 (MPS), 2023 WL 2712371, at *22 (D. Conn. Mar. 30, 2023) (citations and quotation marks omitted).

Here, Mr. Lewis does not allege more than unsupported assertions of a claim of conspiracy. *See* Proposed Am. Compl. at 6 ("Officer George Slaiby, Heather Baker, and Brenda Haws met at Ryan Lewis's home for an hour and agreed to enter Ryan's kitchen and other living

spaces for the purpose of removing property."); *Webb v. Goord*, 340 F.3d 105, 110–11 (2d Cir. 2003) ("In order to maintain an action under Section 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end. The plaintiffs have not alleged, except in the most conclusory fashion, that any such meeting of the minds occurred among any or all of the defendants. Their conspiracy allegation must therefore fail.") (citations and quotation marks omitted). Moreover, there is no allegation in the proposed Amended Complaint which could reasonably be construed as alleging that Ms. Baker acted out of some racial or other type of discriminatory animus within the meaning of this statute. *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) ("The conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus . . . the term class unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors. Otherwise, innumerable tort plaintiffs would be able to assert causes of action under § 1985(3) by simply defining the aggrieved class as those seeking to engage in the activity the defendant has interfered with.") (citations and quotation marks omitted).

Accordingly, because the addition of any Section 1985 claims against Ms. Baker would be futile, the Court will not allow the amendment of Mr. Lewis's Complaint to add them. *Rodriguez v. City of New York*, No. 10 Civ. 9570 (PKC) (KNF), 2012 WL 178032, at *3 (S.D.N.Y. Jan. 18, 2012) ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim. . . . In order to state a cognizable claim for a section 1983 conspiracy, a plaintiff must allege, among other things, an agreement . . . to act in concert to inflict an unconstitutional injury. Here, plaintiff alleges no unconstitutional injury.")

(quoting *AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) and *Pangbum v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)) (quotation marks omitted).

### C. Leave to Amend

As discussed above, under Federal Rule of Civil Procedure 15(a),

> [a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. While a court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), a motion for leave to amend may be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman*, 371 U.S. at 182; *see also Lucente*, 310 F.3d at 258 (noting that leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)"). "[A] motion for leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Phillip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)); *see also Kim v. Kimm*, 884 F.3d 98, 105–06 (2d Cir. 2018) ("Therefore, because the proposed amendments would have no impact on the basis for the district court's dismissal and would consequently be futile, the district court did not abuse its discretion in denying [plaintiff] leave to amend.") (citing *Ellis*, 336 F.3d at 127).

As discussed, the Court has not identified any cognizable claims under the United States

Constitution in Mr. Lewis's proposed Amended Complaint, and none of the deficiencies identified above can be cured by further pleading. *See Acito v. IMCERA Grp., Inc*., 47 F.3d 47, 55 (2d Cir. 1995) ("One good reason to deny leave to amend is when such leave would be futile."). Indeed, based on the allegations asserted twice by Mr. Lewis in both the Complaint and the proposed Amended Complaint, Ms. Baker has done nothing more than seek the assistance of law enforcement, as any citizen might. This commonplace interaction between law enforcement and a citizen, even if unusual for Mr. Lewis, is not enough to turn Ms. Baker into a state actor, or someone conspiring with one. *See Betts v. Shearman*, 751 F.3d 78, 85 (2d Cir. 2014) ("Where . . . a police officer exercises independent judgment in how to respond to a private party's legitimate request for assistance, the private party is not jointly engaged in the officer's conduct so as to render it a state actor under Section 1983.") (citations and internal quotation marks omitted).

As for the dismissed state law claims, given their jurisdictional deficiency and the absence of federal court jurisdiction without any viable federal claims—a deficiency that cannot be addressed by an amended pleading, at least in federal court—granting leave to amend the Complaint on that basis also would be futile.

Accordingly, all of the federal claims against Ms. Baker under either Section 1983 or Section 1985 are dismissed with prejudice.

## IV.    CONCLUSION

For the following reasons, the Court **GRANTS** Ms. Baker's motion to dismiss, and **DENIES** Mr. Lewis's motion to amend the Complaint.

Mr. Lewis, however, may seek leave to file a Second Amended Complaint which does not contain any claims against Ms. Baker. And while the Court does not have before it a motion

11

to address any of the claims brought against Ms. Haws, for the same reasons stated in this Ruling and Order, any federal claims against her likely would be dismissed as well. Thus, to the extent Mr. Lewis files a Second Amended Complaint, he should seriously consider also omitting any federally based claims against her.

**SO ORDERED** at New Haven, Connecticut, this 22nd day of March, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE